## HANSEN v. ROBERTSON, Collector.

### *(Circuit Court, S. D. New York. January 21, 1887.)*

CUSTOMS DUTIES—FISH PREPARED—SCHEDULE G, TARIFF ACT OF MARCH 3, 1883.
  Herrings preserved in a brine of vinegar, salt, and spices, with onions, carrots, peppers, or other vegetables, and ready for food in their imported state, found by the jury to be "fish prepared," and not merely "herrings, pickled or salted," within the meaning of the tariff act of 1883.

This was an action to recover alleged excessive duties, exacted by the collector of customs at the port of New York from Peter F. T. Hansen, the plaintiff, on his importation by the steamer Moravia, December 5, 1883, of certain fish, known in the trade as "Russian Sardines." The collector levied duty thereon at 25 per cent. *ad valorem*, under Schedule G. of the tariff act of March 3, 1883, (22 St. at Large, U. S. 504,) under the following clause: "Salmon, and all other fish, prepared or preserved, and prepared meats of all kinds, not specially enumerated or provided for in this act, twenty five per centum *ad valorem*." The plaintiff protested, and claimed the same to be dutiable under another clause of the same schedule, to-wit: "Herrings, pickled or salted, one-half of one cent per pound." The merchandise in suit was shown to be herrings imported in small wooden kegs or barrels, stamped "Pickled Herrings," but known in the trade as "Russian Sardines." They were pickled in salt and vinegar, and in addition thereto mixed with spices, onions, carrots, and red peppers, and prepared and ready to be eaten in their imported condition.

*Chas. Currie* and *Stephen G. Clarke*, for plaintiff.

*Stephen A. Walker*, U. S. Atty., and *Henry C. Platt*, Asst. U. S. Atty., for defendant.

SHIPMAN, J., (*charging jury.*) The plaintiff takes the burden of proof, and must satisfy you by a fair preponderance of evidence that the goods should have been classified as "herrings, pickled or salted." They are herrings, and are pickled; that is to say, they have been preserved in a brine of vinegar, salt, and spices. But the government claims that they are more than that, and are "fish prepared;" that is to say, prepared with vegetables, and that they have passed beyond the stage of "herrings pickled." The plaintiff, on the other hand, says that a pickle

means prepared, either simply with brine or vinegar, or with vinegar and spices, or with vinegar, spices, and other articles, to give the compound an agreeable flavor, of which a great many pickles upon our tables are specimens. That is the whole question before you, whether the article is "herrings pickled," or whether it has passed beyond that stage, and is properly styled a herring or fish prepared, in addition to being pickled.

Verdict for defendant.